IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STACEY MIZE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV304 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VERIZON WIRELESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of Grant A. Forsberg to withdraw as counsel for the plaintiff (Filing No. 3). The movant states he cannot effectively represent the plaintiff because the plaintiff has failed to maintain contact with the movant. The movant filed proof of service of his motion on his client as required by NEGenR 1.3(f). **See** Filing No. 3. The court allow the plaintiff an opportunity to respond to the motion until November 10, 2005. **See** Filing No. 4. The movant filed proof of service of the court's October 11, 2005 order on his client. **See** Filing No. 5. The plaintiff did not file a response. For good cause shown, the motion to withdraw (Filing No. 3) is granted. Stacey Mize shall be considered to be proceeding *pro se* in this matter.

Further, pursuant to NECivR 41.1, which states in pertinent part: "The court at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendants in a civil case:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In this case the complaint was filed on June 27, 2005. **See** Filing No. 1. Accordingly, the deadline for service of process expired **on or about October 25, 2005**,

and the court's records show no proof of service of process on the defendants. Therefore, the plaintiff shall show cause why the complaint should not be dismissed. Upon consideration,

**IT IS ORDERED:**

1. Grant A. Forsberg's motion to withdraw as counsel for the plaintiff (Filing No. 3) is granted. The Clerk of Court shall stop all electronic notices to Grant A. Forsberg regarding this case.

2. The plaintiff, Stacey Mize, is now proceeding *pro se* and counsel for the defendant, when served, may communicate with the plaintiff directly.

3. The Clerk of Court shall mail a copy of this order to Stacey Mize at her last known address:

> Stacey Mize
> 7313 Ames Circle
> Omaha, NE 68134

4. The plaintiff Stacey Mize shall keep the court informed of her current address and telephone number at all times while this case is pending. The plaintiff shall notify the court of her current telephone number as soon as possible, but in any event **no later than December 9, 2005**, in writing.

5. The plaintiff shall show cause why this case should not be dismissed for failure to effect service. The showing of cause shall be filed in writing with the Clerk of Court on or before the close of business **on December 9, 2005**.

6. Litigants in this district usually serve copies of motions and other documents on adverse parties by first class mail, postage prepaid. The plaintiff shall include with each original document submitted to the court a **"Certificate of Service"** stating the date a true and correct copy of such document was mailed to each other party or the attorney of a represented party. It is a violation of the rules of court to send communications to the court without serving a copy on the other parties to the case.

7. The plaintiff Stacey Mize is advised that she is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the litigation of this case. The

federal rules are available at any law library, and the local rules are available at the office of the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

DATED this 15th day of November, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge